**DENIED and Opinion Filed March 5, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00085-CV

### IN RE DANIEL J. EDELMAN, INC., Relator

**Original Proceeding from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-17-06253-C**

## MEMORANDUM OPINION
Before Justices Schenck, Nowell, and Garcia
Per Curiam Opinion

This original proceeding stems from the trial court's ruling on real parties in interest's challenges to relator Daniel J. Edelman, Inc.'s ("Edelman") confidentiality designations of certain documents produced in response to a third-party subpoena. Real parties in interest, United Development Funding, L.P. and related entities (collectively, "UDF"), are the plaintiffs below. They challenged Edelman's confidentiality designations of documents identified as Exhibit B through S, documents UDF relied upon to support their separate motion to compel discovery from defendants Hayman Capital Management, L.P. and several related individuals and entities (collectively, "HCM"). The trial court held hearings on UDF's

objections to Edelman's designations and their motion to compel on consecutive days. The trial court determined the questioned documents are not confidential and on February 5, 2021 ordered the documents be de-designated as confidential.

Edelman filed a petition for writ of mandamus challenging that order. After reviewing the parties' briefs and the mandamus record, we conclude that relator has not shown itself to be entitled to relief. Accordingly, we deny the writ.

## BACKGROUND

In the underlying proceeding, UDF alleges HCM disseminated false information about UDF to drive down its stock price and hired Edelman, a public relations firm, to carry out the smear campaign.

To facilitate the discovery process, the trial court entered an agreed protective order signed by the parties, which set forth the conditions for treating, obtaining, and using potentially confidential, propriety, or trade secret information. The order allows a producing party to designate as "Confidential–Subject to Protective Order" discovery material "which it considers to contain or reflect non-public, confidential, proprietary, and/or commercially sensitive information." The order restricts who may access the designated confidential materials.

Notwithstanding the producing party's broad ability to initially designate documents produced as "confidential," the protective order also expressly provides, "nothing in this Order creates a presumption or implies that information designated as Protected Material actually constitutes a trade secret, is proprietary, or is

otherwise protectable information," and sets forth a process by which any party might challenge designations of protected material. In the event of a dispute over a designation that the parties cannot resolve, the parties are directed to present the dispute to the trial court. The order expressly provides that "[t]he burden of proving the confidentiality of information designated as 'Confidential–Subject to Protective Order' remains with the designating party."

Edelman produced approximately 2,000 documents in response to UDF's third-party subpoena for production of documents. Edelman designated most of those documents "confidential." UDF objected to eighteen of those designations in advance of filing a pleading to which the exhibits would be germane, specifically documents identified as Exhibits B through S,[1] and filed an "Emergency Request for Ruling on Confidentiality Designation." The trial court held a hearing on this emergency request on February 4, 2021. On February 5, 2021, the trial court entered an order sustaining UDF's objections and striking Edelman's confidentiality designations for Exhibits B through S. Edelman then initiated this original proceeding urging the trial court applied an incorrect legal standard to address objections to confidentiality designations by ignoring the terms of the Agreed Protective Order and abused its discretion in sustaining UDF's objections because it proved the documents are confidential.

---

[1] Exhibits B through S are dated prior to 2017 and are primarily email exchanges among Edelman employees regarding the Hayman project, some emails between Edelman and Hayman, and draft strategy proposals.

## AVAILABILITY OF MANDAMUS REVIEW

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Entitlement to mandamus relief requires the relator to demonstrate that the trial court has clearly abused its discretion and that he has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Insofar as any question involving a factual dispute is concerned, a trial court abuses its discretion if the trial court could reasonably have reached only one decision, or reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839–40. A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* at 840. Appeal is inadequate when a trial court erroneously orders the production of confidential information or privileged documents. *In re Ford Motor Co.*, 211 S.W.3d 295, 298 (Tex. 2006) (orig. proceeding).

## DISCUSSION

While the protective order allows the producing party to designate information produced as confidential, that designation is subject to the trial court's review when challenged. Edelman asserts because the agreed protective order permits a producing party to designate as "Confidential—Subject to Protective

–4–

Order" discovery material which the producing party considers to contain or reflect non-public, confidential, proprietary, and/or commercially sensitive information, the producing party can overcome a challenge to such designation by simply establishing its subjective intent to treat the information as confidential. While a producing party's subjective intent may be sufficient to initially designate a document to be confidential, that designation is subject to challenge. And, when challenged, the trial court's determination will be upheld if it is reasonable and in accordance with applicable law. *See id.* at 839–40.

In support of its contention the information UDF sought to de-designate is confidential, Edelman relied, in part, on a non-disclosure agreement that by its very terms expired years before the documents were subpoenaed and produced. Thus, the trial court did not abuse its discretion in disregarding such an agreement as a basis to deny UDF's requested de-designation. Edelman also relied on the affidavit of the President of one of Daniel J. Edelman Holdings, Inc.'s portfolio companies, which contains conclusory allegations concerning the confidential nature of Edelman's business and strategies, and of potential harm. Those assertions, in and of themselves, are not dispositive of the objection to confidentiality. *In re Toyota Motor Sales, U.S.A., Inc.*, No. 05-19-00030-CV, 2019 WL 3244490, at *1 (Tex. App.—Dallas July 19, 2019, orig. proceeding) (applying abuse of discretion standard). Thus, we conclude Edelman has not shown a clear abuse of discretion.

**CONCLUSION**

We deny Edelman mandamus relief.

PER CURIAM

Schenck, J., concurring and dissenting.

210085F.P05